1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES HENRY FLOURNOY, P00154293,

              Plaintiff,

     v.

MARIN COUNTY BOARD OF
SUPERVISORS, et al.,

             Defendant(s).

Case No. 23-cv-00290-CRB (PR)

**ORDER OF DISMISSAL**

(ECF No. 9)

Plaintiff, a pretrial detainee at the Marin County Jail (MCJ) facing state criminal charges in Marin County Superior Court and other county superior courts, and a frequent litigant in federal court, has filed a pro se First Amended Complaint (FAC) under 42 U.S.C. § 1983 after the court dismissed his original complaint with leave to amend regarding his claim of denial of due process in connection with his placement and retention in restrictive housing upon his arrival at MCJ in late December 2022.  Plaintiff also seeks leave to file supplemental pleadings regarding events that happened after the filing of the original complaint.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

2    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

3    violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S.

4    42, 48 (1988).

5    B.    Legal Claims

6    Plaintiff alleges that on December 29, 2022, a day after he arrived at MCJ, MCJ

7    Classification Deputy Husk violated his due process rights by placing him in "disciplinary

8    isolation (also known as restrictive housing)" without the procedural requirements of "notice and

9    an opportunity to be heard set forth in Wolff v. McDonnell, 418 U.S. 539 (1974)."  ECF No. 9

10   (FAC) at 9-10.  Plaintiff adds that Husk kept him in restrictive housing for over 30 days despite

11   his not having violated any jail rules or regulations and that when he appealed the placement

12   decision, he was told that the reason he was placed in restrictive housing was due to his "pending

13   criminal charges," "multiple management notes and behavior."  Id. at 11 (citing FAC, Ex. B).

14   A court presented with a procedural due process claim by a pretrial detainee should first

15   ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process

16   Clause itself; if so, the court then must determine what process is due.  See Bell v. Wolfish, 441

17   U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental

18   acts are punitive in nature).  Disciplinary segregation as punishment for violation of jail rules and

19   regulations, for example, cannot be imposed without due process, i.e., without complying with the

20   procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974).  See Mitchell v. Dupnik, 75

21   F.3d 517, 523-26 (9th Cir. 1996).  But the administrative segregation or classification of pretrial

22   detainees that is not punitive and for which there is no state statute or regulation from which a

23   protected liberty interest could arise does not require procedural protections under federal due

24   process.  See Meachum v. Fano, 427 U.S. 215, 223-27 (1976) (interests protected by due process

25   arise from Due Process Clause itself or from laws of the states).

26   Plaintiff attempts to characterize the decision to place him in restrictive housing upon his

27   arrival at MCJ as punitive, but the exhibits he cites and attaches to the FAC make clear that it was

28   not.  In response to plaintiff's appeal challenging his placement, prison officials made clear that he

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   was not placed in restrictive housing for disciplinary or punitive reasons.  See ECF No. 11 at 27

2   (FAC Ex. B) ("You are not a disciplinary separation incarcerated person.").  Plaintiff instead was

3   placed in restrictive housing for administrative reasons, namely for housing classification reasons

4   which properly took into account plaintiff's well-documented county jail record of "multiple

5   neg[ative management] notes and behavior."  Id.  He also was properly advised that any concerns

6   regarding his placement "should be addressed during your next classification review."  Id.

7          Although plaintiff's placement in restrictive housing was administrative rather than

8   punitive, he may nonetheless be entitled to procedural protections under federal due process if the

9   applicable state statute or regulation regarding the housing classification of pretrial detainees

10  creates a constitutionally protected liberty interest in a specific housing classification.  See Valdez

11  v. Rosenbaum, 302 F.3d 1039, 1044-45 (9th Cir. 2002).  A state law must satisfy two

12  requirements to create a liberty interest protected by the Constitution.  First, the law must set forth

13  substantive predicates to govern official decision making and, second, it must contain explicitly

14  mandatory language, i.e., a specific directive to the decisionmaker that mandates a particular

15  outcome if the substantive predicates have been met.  Id. at 1044 (applying and citing Hewitt v.

16  Helms, 459 U.S. 460, 472 (1983), and Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454,

17  462-63 (1989)).[1]

18         California Code of Regulations title 15, section 1050 (Classification Plan) requires that

19  each administrator of a county jail develop and implement a written classification plan designed to

20  properly assign incarcerated persons to housing units and activities according to the categories of

21  "gender identity, age, criminal sophistication, seriousness of crime charged, physical or mental

22  health needs, assaultive/non-assaultive behavior, risk of being sexually abused or sexually

23  harassed, and other criteria which will provide for the safety of the incarcerated people and staff."

24

25         [1] In Sandin v. Conner, 515 U.S. 472, 484 (1995), the Supreme Court announced a new test
    to determine when state law creates a protected liberty interest in the prisoner context: "[T]hese
26  interests will be generally limited to freedom from restraint which . . . imposes atypical and
    significant hardship on the inmate in relation to the ordinary incidents of prison life."  But the
27  Ninth Circuit in Valdez held that Sandin's reasoning applies only to convicted prisoners and that
    the Hewitt/Thompson test described above applies to pretrial detainees.  See Valdez, 302 F.3d at
28  1044 & n.3 (applying Hewitt/Thompson test to determine when state law creates a protected
    liberty interest in context of due process claim brought by pretrial detainee).

United States District Court
Northern District of California

1  Cal. Code Regs. 15, § 1050(a).  "Such housing unit assignment shall be accomplished to the extent

2  possible within the limits of the available number of distinct housing units or cells in a facility."

3  Id.  Section 1050(a) further provides that the written classification plan shall be based on objective

4  criteria and include screening performed at the time of intake by trained personnel, and a record of

5  each incarcerated person's classification level, housing restrictions, and housing assignments.

6  Any classification plan must provide for a channel of appeal by the incarcerated person to the

7  facility administrator or designee, and any incarcerated person "may request review of his or her

8  classification plan no more often than 30 days from their last review."  Id.

9         While section 1050 requires county jails to establish objective criteria to be used in

10  determining a pretrial detainee's classification level so that he or she may be housed appropriately,

11  it contains no substantive predicates or mandatory language regarding housing placement: housing

12  unit assignments shall be accomplished "to the extent possible within the limits of the available

13  number of distinct housing units or cells in a facility."  Id. (emphasis added).  It cannot be said,

14  therefore, that a pretrial detainee with specific classification criteria can reasonably form an

15  objective expectation that he will be placed in housing which strictly corresponds with his

16  classification level.  See Thompson, 490 U.S. at 464-65 (finding no protected liberty interest in

17  Kentucky prison regulations); Valdez, 302 F.3d at 1045 (finding no protected liberty interest in

18  Alaska statute).  Plaintiff did not have a state-created liberty interest in a specific housing

19  placement which required procedural protections such as notice and an opportunity to be heard

20  before his housing was assigned.

21         Because plaintiff's placement in restrictive housing did not amount to punishment and

22  plaintiff did not have a state-created liberty interest in a specific housing placement, his procedural

23  due process claim must be dismissed.  See Meachum, 427 U.S. at 223-27.

24  C.     Request to File Supplemental Pleading

25         Plaintiff's request for leave to file a supplemental pleading regarding events that took place

26  after the filing of the original complaint is denied without prejudice to his bringing in a separate

27  suit.  The proposed supplemental pleading seeks to introduce separate and distinct new causes of

28  action against new and different defendants that should be the subject of a separate suit.  See

1   <u>Planned Parenthood of So. Arizona v. Neely</u>, 130 F.3d 400, 402 (9th Cir. 1997) (supplemental

2   pleading cannot be used to introduce separate, distinct, and new cause of action that should be

3   subject of separate suit).

4                                        **CONCLUSION**

5          For the foregoing reasons, the FAC is DISMISSED under 28 U.S.C. § 1915A(b) for failure

6   to state a claim upon which relief may be granted.

7          **IT IS SO ORDERED**.

8   Dated: September 18, 2023

9   _____

10  CHARLES R. BREYER
    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California